IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-429 |
| | ) | |
| AMBERWAVE SYSTEMS | ) | |
| CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## AMBERWAVE SYSTEMS CORPORATION'S ANSWER

Defendant AmberWave Systems Corporation ("AmberWave") responds as follows to the Complaint of Plaintiff Intel Corporation ("Intel").

1. In response to paragraph 1, AmberWave admits that rules regarding jurisdiction are set forth in 28 U.S.C. §§ 1338(a), 2201, and 2202, which speak for themselves. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 1.

2. In response to paragraph 2, AmberWave admits that rules regarding venue are set forth in 28 U.S.C. §§ 1391(b) and (c), which speak for themselves, and that AmberWave is incorporated in Delaware.

3. In response to paragraph 3, AmberWave admits, on information and belief, that Intel is a Delaware corporation with its principal place of business in Santa Clara, California, and that Intel is engaged in, among other things, the business of manufacturing computer microprocessors.

4. In response to paragraph 4, AmberWave admits that it is a Delaware corporation with its principal place of business in Salem, New Hampshire, and that it is engaged

in, among other things, the business of developing and manufacturing strained silicon semiconductor technology.

    5.    AmberWave admits the allegations of paragraph 5.

    6.    In response to paragraph 6, AmberWave admits that on June 8, 2006, AmberWave communicated with Intel, and that the letter speaks for itself. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 6.

    7.    In response to paragraph 7, AmberWave denies that Intel reasonably apprehends that AmberWave intends imminently to assert a claim against Intel under 35 U.S.C. § 271 alleging infringement of U.S. Patent No. 7,074,655 (the "'655 patent") by Intel's continuing to make, offering to sell, and selling its current commercial products.

    8.    In response to paragraph 8, AmberWave denies that there is a continuing judiciable controversy between Intel and Amberwave as to AmberWave's rights to threaten or maintain suit for infringement of the '655 patent and as to whether any of Intel's current commercial products infringe the '655 patent..

    9.    In response to paragraph 9, AmberWave re-alleges and incorporates herein by reference its responses to paragraphs 1 through 8.

    10.    In response to paragraph 10, AmberWave denies each and every allegation contained therein.

    11.    In response to paragraph 11, AmberWave denies each and every allegation contained therein.

    12.    In response to paragraph 12, AmberWave denies each and every allegation contained therein.

    13.    In response to paragraph 13, AmberWave denies each and every allegation contained therein.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over the complaint or, in the alternative, should exercise its discretion to decline subject matter jurisdiction.

**SECOND DEFENSE**

The filing of the complaint constitutes a violation of the District of Delaware Local Rule 7.1.1.

**PRAYER FOR RELIEF**

WHEREFORE, AmberWave prays for relief as follows:

A.   For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

B.   For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

AmberWave hereby demands a trial by jury on any issue triable of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Defendant AmberWave
  Systems Corporation

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

July 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2006 I electronically filed AmberWave Corporation Systems Corporation's Answer with the Clerk of the Court using CM/ECF, which will send notification of such filing to Karen Keller.

I further certify that I caused copies of the foregoing document to be served on July 12, 2006 upon the following in the manner indicated:

### BY HAND

Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
klouden@mnat.com

1533922