IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-429 (KAJ) |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |

## REPLY TO AMENDED ANSWER AND COUNTERCLAIM AND PLAINTIFF'S COUNTERCLAIM

Plaintiff and Counterdefendant Intel Corporation ("Intel"), by and through its undersigned counsel, responds as follows to the Amended Answer and Counterclaim ("Answer and Counterclaim") of AmberWave Systems Corporation ("AmberWave"), and requests a jury by trial on all issues so triable.

1-15.   Paragraphs 1-15 of the Answer and Counterclaim contain AmberWave's responses to the Complaint filed by Intel on July 11, 2006 (the "Complaint") and therefore do not require a response from Intel. To the extent any allegations in paragraphs 1 through 15 of the Answer and Counterclaim require a responsive pleading, Intel denies those allegations.

## PARTIES AND JURISDICTION

16. Intel admits that AmberWave purports to state a counterclaim for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.* Except as so admitted, Intel denies the allegations of paragraph 16 of the Answer and Counterclaim.

17. Intel admits, on information and belief, that AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

18. Intel admits that it is a Delaware corporation with its principal place of business in Santa Clara, California.

19. Intel admits that this Court has subject matter jurisdiction over AmberWave's Counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

20. Intel admits that venue is proper in this judicial district under 28 U.S.C. § 1391(c). Except as so admitted, Intel denies the allegations of paragraph 20 of the Answer and Counterclaim.

## BACKGROUND

21. Intel admits the allegations of paragraph 21 of the Answer and Counterclaim.

22. Intel admits that it instituted a declaratory judgment action on the '655 Patent (as defined in the Complaint). Except as so admitted, Intel denies the allegations of paragraph 22 of the Answer and Counterclaim.

## PATENT IN SUIT

23. Intel admits that AmberWave purports to attach a copy of the '655 Patent to the Answer and Counterclaim as Exhibit A, and that the title of the '655 Patent is "*Gate Material for Semiconductor Device Fabrication.*" Intel denies that the '655 Patent was duly and

legally issued on July 11, 2006. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Answer and Counterclaim and therefore denies those allegations.

## CLAIM FOR RELIEF

24. Paragraph 24 repeats and re-alleges the allegations of paragraphs 16 through 23 of the Answer and Counterclaim. Intel therefore incorporates by reference its responses to paragraphs 16 through 23 of the Answer and Counterclaim as if fully set forth herein.

25. Intel denies the allegations in paragraph 25 of the Answer and Counterclaim.

26. Intel denies the allegations in paragraph 26 of the Answer and Counterclaim.

27. Intel denies the allegations in paragraph 27 of the Answer and Counterclaim.

28. Intel denies the allegations in paragraph 28 of the Answer and Counterclaim.

## FIRST DEFENSE
### (Failure To State A Claim)

29. The Counterclaim fails to state a claim for which relief can be granted against Intel.

## SECOND DEFENSE
### (License)

30. Intel is entitled to a license to the '655 Patent and therefore has not infringed, is not infringing, and cannot infringe any valid and enforceable claim under the '655 Patent.

31. Upon information and belief, the inventions described in the '655 Patent were conceived, in whole or in part, in the course and/or as a result of research funded by the Semiconductor Research Corporation ("SRC"), the Microelectronics Advance Research Corporation ("MARCO"), and/or other agencies and instrumentalities of the federal government.

32. SRC and MARCO receive funding for distribution to universities and researchers from government agencies and private corporations, including Intel.

33. Intel has entered into at least three agreements with SRC and MARCO that set forth Intel's rights with respect to intellectual property conceived in research efforts sponsored by SRC and MARCO that Intel helps to fund:

   a. Semiconductor Research Corporation Membership Commitment by and between SRC and Intel dated February 27, 1987;

   b. Focus Center Research Program Participation Agreement by and between Intel and MARCO dated October 20, 1997; and

   c. MARCO License Agreement for Focus Center Research Program by and between Intel and MARCO dated October 20, 1997.

34. Under the terms set forth in the agreements between Intel and SRC and MARCO, Intel is entitled to a license to the '655 Patent.

## THIRD DEFENSE
### (Unclean Hands)

35. AmberWave comes to this Court with unclean hands and therefore should be barred from recovering the relief sought or any relief whatsoever against Intel.

36. Upon information and belief, among other wrongful acts, AmberWave has acted together with the inventors of certain patents assigned to AmberWave, including the '655 Patent, to cause the diversion to AmberWave's private benefit of certain intellectual property that should have been disclosed to SRC, MARCO and/or other agencies or instrumentalities of the federal government, pursuant to the terms upon which the research giving rise to such intellectual property was funded by them.

37. AmberWave has been unjustly enriched by its conduct and Intel has been unfairly injured by the loss of the benefits it was contractually entitled to receive in return for its funding of and participation in SRC and MARCO.

## PLAINTIFF'S COUNTERCLAIM

For its counterclaim, Intel alleges as follows:

38. Plaintiff's counterclaim arises under the United States patent laws, 35 U.S.C. § 1 *et seq.*, and seeks relief for which this Court has subject matter jurisdiction pursuant to 28 USC §§ 2201, 2202, and 1338(a).

39. Intel incorporates by reference each allegation set forth in paragraphs 3-8 of the Complaint as if set forth fully herein.

## CLAIM FOR RELIEF
### Count One
### (Declaratory Judgment of Invalidity as to '655 Patent)

40. Intel repeats and re-alleges each of the allegations set forth in paragraphs 38 through 39 as if set forth fully herein.

41. By reason of AmberWave's threat to sue Intel for infringement of the '655 Patent, and the allegations of infringement in AmberWave's counterclaim, an actual controversy exists as to, *inter alia*, the validity of the '655 Patent.

42. The '655 Patent is invalid under the provisions of 35 U.S.C. §§ 101, *et seq.*, including without limitation sections 102, 103, and/or 112.

43. A judicial determination that the '655 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code is necessary and appropriate at this time so that Intel can ascertain its rights and duties with respect to the manufacturing, sales, and marketing of the products AmberWave accuses of infringing the '655 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Intel respectfully requests judgment granting the following relief:

1. That AmberWave take nothing by its Counterclaim;

2. That the Court dismiss AmberWave's Counterclaim with prejudice;

3. That the Court find and enter a judgment declaring the '655 Patent to be invalid;

4. That the Court award Intel attorneys' fees and expenses against AmberWave and deny that AmberWave's Counterclaim is exceptional under 35 U.S.C. § 285; and

5. That the Court award Intel such other and additional relief as it deems just and proper.

Dated: August 21, 2006

                          Respectfully submitted,

By   /s/ John W. Shaw  _____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

George M. Newcombe
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5000

Attorneys for Plaintiff and Counterdefendant
Intel Corporation

7

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on August 21, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Leslie A. Polizoti, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on August 21, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL**

>David I. Gindler, Esquire
>Christopher A. Vanderlaan, Esquire
>Jason G. Sheasby, Esquire
>Amir Naini, Esquire
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ John W. Shaw
>_____
>Josy W. Ingersoll (No. 1088)
>John W. Shaw (No. 3362)
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jshaw@ycst.com
>*Attorneys for Intel Corporation*