# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 351 9291
302 425 3012 FAX
jblumenfeld@mnat.com

November 20, 2006

**By E-Filing**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re:    AmberWave v. Intel, C.A. No. 05-301 (KAJ)
       Intel v. AmberWave, C.A. No. 06-429 (KAJ)

Dear Judge Jordan:

We write on behalf of AmberWave in connection with a dispute regarding the Protective Orders in these cases. As the Court may recall, after lengthy negotiations, the parties reached a compromise on the issue of the participation of litigation counsel in reexamination proceedings. AmberWave agreed to a protective order that would not permit its litigation counsel to participate in reexamination proceedings. (05-301, D.I. 119, pp. 7, 13). In exchange, Intel agreed not to seek reexamination of any of the patents in suit or of "any patent that may later be added to the above-referenced action." (05-301, D.I. 95). That stipulation was entered by the Court on March 23, 2006. Since then, however, Intel has sought reexamination of two patents that are before this Court: U.S. Patent No. 7,074,655 ("the '655 patent") (in C.A. 06-429) (Ex. A) and U.S. Patent No. 7,122,449 ("the '449 patent") (in C.A. 05-301) (Ex. B).

Accordingly, AmberWave requests that the Court permit its litigation counsel to participate in reexamination proceedings involving the '655 and '449 patents, pursuant to the following restrictions:

- Litigation counsel will not disclose any Intel technical confidential information to reexamination counsel; and

- Litigation counsel will not participate in any discussions or provide any advice to reexamination counsel with respect to claim amendments.

This limited involvement will prevent Intel from unfairly benefiting from its conduct and will allow AmberWave to efficiently use its limited legal resources.

## A.    Intel Sought To Circumvent Its Obligations Under the No-Reexamination Stipulation.

In C.A. 05-301, AmberWave agreed not to seek the right to participate in reexaminations based on Intel's commitment that it would not seek reexaminations of any of the patents in suit or of any patent that may later be added to the above-referenced action. After securing this concession from AmberWave, Intel proceeded to violate both the letter and spirit of the agreement by filing reexamination requests on

Hon. Kent A. Jordan
November 20, 2006
Page 2

patents that were before this Court, while at the same time refusing to allow AmberWave's litigation counsel to participate in the resulting reexaminations.

The first instance involved the '655 patent. On July 8, 2006, AmberWave wrote to Intel asking whether it would agree to an amendment to add the allowed, but not yet issued, '655 patent to C.A. 05-301 when that patent issued. (Ex. C) (mistakenly dated June 26, 2006). Early on July 11, 2006, the day the '655 patent issued, counsel for Intel informed AmberWave that he would "respond shortly" to AmberWave's request on the motion to amend. (Ex. D). Rather than responding, however, on that same day, Intel filed a declaratory judgment action on the '655 patent – C.A. 06-429. Intel then asked the PTO to reexamine the patent. (Ex. A). On October 16, 2006, the PTO granted Intel's reexamination request. (Ex. E).[1]

The second instance involved the '449 patent, a continuation of the '371 patent, already in suit in C.A. 05-301. AmberWave informed Intel the day before the '449 patent issued, that it "intended to add the newly issued patent" to C.A. 05-301. (Ex. G). On October 17, 2006, when the patent issued, AmberWave moved to amend its complaint to add that patent. (C.A. 05-301, D.I. 185). That same day, even though AmberWave had moved to add the '449 patent to C.A. 05-301, Intel filed a reexamination request on it. (Ex. B). Intel then filed a "non-opposition" to AmberWave's motion for leave to add the '449 patent, but "reserve[d] its right to seek consolidation" of the '449 patent dispute with the '655 patent dispute. (C.A. 05-301, D.I. 191).

Intel may argue that it did nothing wrong in filing a reexamination request on the '449 patent because when Intel filed the request, there was only a pending motion to add the patent that had not been acted on by the Court. Only the most disingenuous reading of the stipulation and its purpose could support such an argument. The parties had long contemplated that continuations of the '371, '632 and '292 patents (the original patents in C.A. 05-301) would be added to the suit. Indeed, the parties had made a special accommodation for this in the schedule. (C.A. 05-301, D.I. 119, p. 4).

Intel may also argue that it did nothing wrong in filing a reexamination request on the '655 patent because the no-reexamination agreement applied only to C.A. 05-301 and not a new litigation. But AmberWave believes that the timing and circumstances of Intel's declaratory judgment action filing speak for themselves.

**B.    AmberWave's Litigation Counsel Should Be Permitted To Have Limited Participation in Reexamination Proceedings of the Patents In Suit.**

When entering a protective order, courts consider, on a "case-by-case" basis, hardship, fairness, and efficiency in the decision to deny access to information. *See AFP Advanced Food Prods. LLC v. Snyder's of Hanover Mfg., Inc.*, No. 05-3006, 2006 U.S. Dist. LEXIS 426, at *3, *7-8 (E.D. Pa. January 6, 2006) (stating that one factor to consider is whether access "will promote fairness and efficiency" and striking two-year ban on patent prosecution in proposed protective order as "burdensome and

---

[1]    When the parties submitted the current form of the Protective Order in C.A. 06-429, the PTO had not yet acted on Intel's request for reexamination. The issues discussed herein were therefore not yet ripe. AmberWave, however, made clear to Intel that it would seek relief from the Protective Order if the PTO were to grant Intel's reexamination request. (Ex. F).

Hon. Kent A. Jordan
November 20, 2006
Page 3

unnecessary"). Preventing AmberWave's litigation counsel from participating in the reexamination proceedings puts AmberWave at an unfair disadvantage. This series of litigations have been pending for 17 months. During that time, AmberWave's litigation counsel has analyzed the prior art related to the patents in suit. Nine of the prior art references relied upon by Intel in the instant court proceedings were cited by Intel to the PTO in the '655 and '449 patent reexamination requests. To preclude AmberWave's litigation counsel from participating in the resulting reexaminations means that AmberWave – a small company with limited resources – would need to have two independent sets of attorneys analyze and formulate positions regarding the identical prior art in parallel proceedings, with all the expense, opportunity for inconsistency, and inefficiency that entails.

"[T]he general threat of inadvertent misuse of discovered materials" is insufficient to bar the participation of litigation counsel in reexamination proceedings. *AFP Advanced Food Prods.*, 2006 U.S. Dist. LEXIS 426, at *7 (cannot bar litigation attorneys from prosecution "without some tangible reason or good cause"). A reexamination proceeding only involves a narrow issue – whether the cited prior art references anticipate or make obvious the claims of the reexamined patent. Intel's technical information has no relevance to this analysis. Moreover, under the restrictions proposed by AmberWave, AmberWave's litigation counsel would not be able to participate in any discussions relating to or to give advice regarding claim amendments. As a result, there would be no realistic chance that litigation counsel would inadvertently misuse Intel confidential information.

Intel has requested 11 other reexaminations against AmberWave's patents. But because these reexaminations did not involve the patents in suit, AmberWave did not seek to have its litigation counsel participate in them. Now, however, Intel has created parallel disputes in both this Court and the PTO. Unless the Court allows the proposed limited modification to the Protective Orders, Intel will have gained precisely the advantage that the no-reexamination stipulation was intended to prevent: the opportunity for Intel to challenge the validity of the patents in suit without the involvement of AmberWave's litigation counsel.

AmberWave has the right to mount the best possible defense of the patents in suit before this Court and the PTO. Precluding AmberWave's litigation counsel from participating in the reexaminations of the '655 and '449 patents would not allow this to occur.

Respectfully,

Jack B. Blumenfeld

/cbh
cc:    Clerk of the Court (by e-filing and hand)
       John W. Shaw, Esq. (by e-filing and hand)
       George M. Newcombe, Esq. (by email)
       David I. Gindler, Esq. (by email)

# EXHIBIT A

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re U.S. Patent of:

    Anthony J. Lochtefeld et al.

U.S. Patent No: 7,074,655

Filed: September 28, 2005

Issued: July 11, 2006

For: GATE MATERIAL FOR
    SEMICONDUCTOR DEVICE
    FABRICATION

Examiner: Not Yet Assigned

Art Unit:    Not Yet Assigned

**EXPRESS MAIL CERTIFICATE OF MAILING**
"Express Mail" mailing label number EV746310904US
I hereby certify that this paper or fee is being deposited with the
United States Postal Service "Express Mail Post Office to
Addressee" service under 37 CFR 1.10 on the date indicated
below and is addressed to the Commissioner for Patents,
P.O. Box 1450, Alexandria, VA 22313-1450:

August 4, 2006
Date of Deposit

SYLVIA GASTON
Name of person Mailing Correspondence

Signature

Mail Stop *Ex Parte* Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## REQUEST FOR *EX PARTE* REEXAMINATION PURSUANT TO 35 U.S.C. §§ 301 - 307 AND 37 C.F.R. § 1.510

Dear Sir:

    Pursuant to the provisions of 35 U.S.C. §§ 301-307, the undersigned, on behalf of Intel Corporation, hereby requests an *ex parte* reexamination of United States Patent No. 7,074,655 (hereinafter "the '655 patent," Exhibit A) which issued July 11, 2006 to Anthony J. Lochtefeld et al. from Application No. 11/237,175, and claims priority from Application No. 10/691,007 filed October 22, 2003, and Provisional Application No. 60/420,227 filed October 22, 2002. A Terminal Disclaimer was filed on January 13, 2006 (attached as Exhibit B). No Certificate of Correction or Reexamination Certificate has issued.

    The '655 patent, when issued, indicated AmberWave Systems Corporation as its assignee. Intel and AmberWave are presently in litigation with respect to the '655 patent in the United States District Court for the District of Delaware as well as other patents. A list of these patents in litigation is attached as Exhibit C.

The substantial new questions of patentability set forth in this request are precipitated by prior art references that were not cited during prosecution of the '655 patent. All of the issued claims 1-31 of the '655 patent are invalid in view of these new prior art references under 35 U.S.C. § 102 or 35 U.S.C. § 103.

## TABLE OF CONTENTS

I. CLAIMS FOR WHICH REEXAMINATION IS REQUESTED AND CITATION OF U.S. PATENTS AND PRINTED PUBLICATIONS PRESENTED TO PROVIDE A SUBSTANTIAL NEW QUESTION OF PATENTABILITY..................................................................................... 4

II. OVERVIEW OF INDEPENDENT CLAIM 1.......... ..............................…........ 6

III. DETAILED EXPLANATION OF THE PERTINENCY AND MANNER OF APPLYING NEWLY CITED PRIOR ART TO CLAIMS 1- 20 FOR WHICH REEXAMINATION IS REQUESTED BASED ON SONG............................................... ...............................…..... 12

IV. OVERVIEW OF INDEPENDENT CLAIM 21....... ....................................…........ 62

V. DETAILED EXPLANATION OF THE PERTINENCY AND MANNER OF APPLYING NEWLY CITED PRIOR ART TO CLAIMS 21- 31 FOR WHICH REEXAMINATION IS REQUESTED BASED ON YEO AND THE '854 JP PATENT APPLICATION............................. ....... 70

VI. LIST OF EXHIBITS PROVIDED HEREWITH.................................... .... 102

VII. STATEMENT OF SUBSTANTIALLY NEW QUESTION OF PATENTABILITY................... 104

I.  CLAIMS FOR WHICH REEXAMINATION IS REQUESTED AND CITATION OF U.S.
    PATENTS AND PRINTED PUBLICATIONS PRESENTED TO PROVIDE A SUBSTANTIAL NEW
    QUESTION OF PATENTABILITY

Reexamination is respectfully requested for claims 1-31 of the '655 patent under 35
U.S.C. §§ 301-307 and 37 C.F.R. §§ 1.510. Claims 1 and 21 are independent claims. All
additional claims are dependent, directly or indirectly, upon either independent claim 1 or
independent claim 21, respectively.

Specifically, reexamination is requested for claims 1, 3, 4, 6, 9, 10, 19, and 20 of the '655
patent as being invalid under 35 U.S.C. § 102(b) as they read upon Song, S. et al., "High
Performance Transistors with State-of-the-Art CMOS Technologies", IEEE International
Electron Devices Meeting (IEDM) Technical Digest, International, pp. 427-430, December, 1999
(hereinafter Song, Exhibit E), which was not before the Examiner during the prosecution of the
'655 patent. Song was published more than one year before the priority date of the '655 patent,
and qualifies as prior art under 35 U.S.C. § 102(b).

Reexamination is requested for claims 2, 14, 15, and 16 of the '655 patent as being
invalid under 35 U.S.C. § 103 over Song in view of World Intellectual Property Organization
Patent Application [WO 01/54202], entitled "Strained-Silicon Metal Oxide Semiconductor Field
Effect Transistors", which was published on July 26, 2001 (hereinafter the '202 patent
application, Exhibit F).

Reexamination is also requested for claim 5 as being invalid under 35 U.S.C. § 103 over
Song in view of Qin, M. et al., "Investigation of Polycrystalline Nickel Silicide Films as a Gate
Material", Journal of the Electrochemical Society, 148 (5), pp.G271-G274, May 2001
(hereinafter "Qin", Exhibit G).

Reexamination is also requested for claims 7, 8, 9, and 10 as being invalid under 35
U.S.C. § 103 over Song in view of Gebel, T. et al., "Flash Lamp Annealing with Millisecond
Pulses for Ultra-Shallow Boron Profiles in Silicon", Institute of Ion Beam Physics and Materials
Research Annual Report 2001, pp. 29-31, October 12, 2001 (hereinafter "Gebel", Exhibit H)[1].

---

[1] The Gebel article was reproduced in various Scientific Journals including the Institute of Ion Beam Physics and
Materials Research Annual Report 2001, pp. 29-31 and the Nuclear Instrument and Methods in Physics Research B
Vol. 186 (January 2002) pp. 287-291. The Gebel Article became publicly available On-Line on October 12, 2001 as
evidenced by the attachment to the Gebel Article in Exhibit H. Further, it should be noted that the Gebel article was
presented at the E-MRS Spring Meeting, June 5-8, 2001, in Strasbourg, France.

Reexamination is also requested for claims 11, 12, and 13 as being invalid under 35 U.S.C. § 103 over Song in view of Yeo, Y. et al., "Dual-Metal Gate CMOS Technology with Ultrathin Silicon Nitride Gate Dielectric", IEEE Electron Device Letters, Vol. 22, No. 5, pp. 227-229, May 2001 (hereinafter "Yeo", Exhibit I).

Reexamination is also requested for claims 17 and 18 as being invalid under 35 U.S.C. § 103 over Song in view of Hock, G. et al., "0.1 µm T-gate p-type Ge/SiGe MODFETs", Silicon Monolithic Integrated Circuits in RF Systems, Digest of Papers, pp. 156-158, 2000 (hereinafter "Hock", Exhibit J).

Reexamination is requested for claims 21-23 and 28-31 of the '655 patent as being invalid under 35 U.S.C. § 103 over Yeo in view of published Japanese Patent Application (P2000-243854A), entitled "Semiconductor Device and Method of Manufacturing Thereof", which was published on September 8, 2000 (hereinafter the '854 JP patent application, Exhibit K). A certified English translation of the '854 JP patent application is attached as Exhibit L along with a Declaration to verify accuracy of the translation.

Reexamination is also requested for claims 24 and 25 of the '655 patent as being invalid under 35 U.S.C. § 103 over Yeo in view of the '854 JP patent application and further in view of Qin.

Reexamination is additionally requested for claims 26 and 27 of the '655 patent as being invalid under 35 U.S.C. § 103 over Yeo in view of the '854 JP patent application and further in view of Gebel.

The Song, '202 patent application, Qin, Gebel, Yeo, Hock, and '854 JP patent application references cited herein were not before the Examiner during prosecution of the '655 patent. A complete listing of all the Exhibits, including claim charts, patents, printed publications, and other documents is provided at the end of the present request. The claim chart is provided as Exhibit D.

that 20 Angstrom SiON * (4/5) is equivalent to an approximately 16 Å equivalent $SiO_2$ thickness (i.e, an equivalent oxide thickness) as specifically set forth on page 10 of Section II and page 20 of Section III.A.5.

The Wolf reference (Exhibit P) is only to applied to claim 3 for the purpose of showing that it was well known in the art at the time of the '655 patent's alleged invention that salicide processes generally included the steps of: depositing a semiconductor layer over the substrate, forming a metal layer over the semiconductor layer, and heating the substrate such that at least a portion of the semiconductor layer reacts with the metal layer to form a metal-semiconductor alloy; as specifically set forth on pages 30-31 of Section III.C.

Therefore, it is requested that this Request for Reexamination be granted and that claims 1-31 be finally rejected.

Respectfully submitted,

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated: August 4, 2006

Eric T. King
Reg. No. 44,188
Requestor

12400 Wilshire Blvd.
Seventh Floor
Los Angeles, CA 90025-1026
(408) 720-8300

# EXHIBIT B

Attorney Docket No. 42L00111A-R13

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re U.S. Patent of: | |
| Langdo, et al. | Examiner: Fernando L. Toledo |
| U.S. Patent No: 7,122,449 | Art Unit: 2823 |
| Reexamination Request Control No: | |
| Not Yet Assigned | |
| Filed: April 12, 2005 | |
| Issued: October 17, 2006 | |
| For: METHODS OF FABRICATING SEMICONDUCTOR STRUCTURES HAVING EPITAXIALLY GROWN SOURCE AND DRAIN ELEMENTS | |

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Office of Patent Legal Administration
United States Patent & Trademark Office
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## REQUEST FOR *EX PARTE* REEXAMINATION PURSUANT TO
## 35 U.S.C. §§ 301–307 AND 37 C.F.R. § 1.510

Dear Sir or Madam:

Pursuant to 35 U.S.C. §§ 301–307 and 37 C.F.R. § 1.510, the undersigned, on behalf of Intel Corporation, hereby requests reexamination of United States Patent No. 7,122,449 ("the '449 patent," Exhibit A). The '449 patent was issued on October 17, 2006, to Thomas A. Langdo and Anthony J. Lochtefeld and assigned to AmberWave Systems Corporation. It derived from Application No. 11/103,681 filed on April 12, 2005. It is a continuation of Application No. 10/458,544 filed on June 10, 2003 (which issued as U.S. Patent No. 6,946,371 (the "'371 patent") on September 20, 2005), which claims priority from Provisional Application No.

60/387,867 filed on June 10, 2002. To Intel's knowledge, the '449 patent is not currently in litigation, and it has not previously been reexamined or corrected. A Terminal Disclaimer, which is included herewith, was filed on April 21, 2006. AmberWave has, however, sued Intel for allegedly infringing other patents assigned to AmberWave, including the '449 patent's parent, the '371 patent.

As set forth below and in the detailed claim charts attached as Exhibit B, Intel submits that Claims 1-4, 6-28, 33, 37, 40-42, 45, 48-50, 52-55 and 61 are invalid for anticipation under 35 U.S.C. § 102(b), and that claims 1-63 (all issued claims) are at least obvious under 35 U.S.C. § 103(a). The substantial new questions of patentability raised in this petition are based on both prior art references that were disclosed but overlooked during examination -- as they were disclosed by Amberwave among more than 500 references[1] -- and prior art references that were not cited during prosecution of the '449 patent..

**I.    CLAIMS FOR WHICH REEXAMINATION IS REQUESTED AND CITATIONS OF PRINTED PUBLICATIONS THAT PRESENT SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY**

Intel requests examination of Claims 1-63 (all issued claims) of the '449 patent. In particular, Intel submits that:

- Claims 1-4, 6-28, 33, 37, 40-42, 45, 48-50, 52-55 and 61 are invalid under 35 U.S.C. § 102(b) because they are anticipated by U.S. Patent No. 6,235,568, issued May 22, 2001, to Murthy et al. ("Murthy," Exhibit C).

- Claims 5 and 51 are invalid under 35 U.S.C. § 103(a) because they are obvious in view of Murthy.

- Claims 29-31, 56 and 60 are invalid under 35 U.S.C. § 103(a) because they are obvious in view of Murthy in combination with U.S. Patent No. 5,714,413 issued February 3, 1998, to Brigham et al. ("Brigham," Exhibit D).

- Claims 34-36, 38-39, 58-59 and 62-63 are invalid under 35 U.S.C. § 103(a) because they were obvious in view of Murthy in combination with International

---

[1] The IDS failed to highlight the significance of the '568 patent to the Examiner, contrary to the requirements of MPEP § 2004 (citing at ¶ 13 Penn Yan Boats, Inc. v. Sea Lark Boats, Inc., 359 F.Supp. 948, 964-65, 175 U.S.P.Q. 260, 271-72 (S.D. Fla. 1972), aff'd, 479 F.2d 1338, 178 U.S.P.Q. 577 (5th Cir. 1973), cert. denied, 414 U.S. 874 (1974), where the failure to call attention to one highly pertinent document out of thirteen documents filed after a notice of allowance had been issued was held to constitute inequitable conduct by the applicant and to render the patent unenforceable.)

Publication WO 01/54202 A1, an application dated July 26, 2001, by Bulsara et al. ("Bulsara," Exhibit E).

- Claims 43 and 44 are invalid under 35 U.S.C. § 103(a) because they were obvious in view of Murthy in combination with the 1986 text by Wolf et al. entitled *Silicon Processing for the VLSI Era, Volume 1: Process Technology* ("Wolf," Exhibit F).

- Claims 46 and 47 are invalid under 35 U.S.C. § 103(a) because they were obvious in view of Murthy in combination with the 1985 International Electron Devices Meeting article by Aoki et al. entitled *Optimum Crystallographic Orientation of Submicron CMOS Devices* ("Aoki," Exhibit G).

- Claims 32 and 57 are invalid under 35 U.S.C. § 103(a) because they were obvious in view of Murthy in combination with Brigham and the 2001 International Electron Devices Meeting article by Chau et al. entitled *A 50nm Depleted-Substrate CMOS Transistor (DST)* ("Chau," Exhibit H).

- Claims 58 and 59 are invalid under 35 U.S.C. § 103(a) because they were obvious in view of Murthy in combination with Brigham and Bulsara.

The applicants identified Murthy, Bulsara and Wolf in a 28-page Information Disclosure Statement dated April 12, 2005, that included some 267 U.S. patent documents, 45 foreign patent documents, and 195 pieces of other art. The applicants did not discuss Murthy, Bulsara or Wolf during prosecution, and the examiner did not mention them. Nor did the applicants inform the examiner that on June 6, 2006, the Patent Office withdrew another AmberWave application (No. 10/854,556) from allowance and issued a Non-Final Rejection (Exhibit I) of all claims in light of Murthy.[2] Brigham, Aoki and Chau were not before the examiner at all. In any event, 35 U.S.C. § 303(a) provides that "[t]he existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

---

[2] Murthy and this Non-Final Rejection were also cited in a Third-Party Submission in Published Application filed by Intel on June 28, 2006. The '449 patent's prosecution history contains no record that this Submission was considered by the Examiner.

## IV.    CONCLUSION AND RELIEF REQUESTED

As shown above, substantial new questions of patentability have been raised as to all claims of the '449 patent. Intel accordingly requests that reexamination be granted and that those claims be finally rejected.

Respectfully submitted,

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated:  _10/17/06_

Michael A. Bernadicou
Reg. No. 35,934
Requestor

12400 Wilshire Blvd.
Seventh Floor
Los Angeles, CA 90025-1026

(408) 720-8300

EXHIBIT C

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7096
jsheasby@irell.com

June 26, 2006

**VIA E-MAIL**

George M. Newcombe, Esq.
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, California  94304

     Re:    AmberWave Systems Corp. v. Intel Corp., 05-301 (consolidated)

Dear George:

U.S. Patent Application No. 11/237,175 (the "'175 application"), assigned to AmberWave Systems Corporation ("AmberWave"), has been allowed by the United States Patent and Trademark Office and will soon issue.  As a courtesy, a copy of the allowed claims for the '175 application is attached.

AmberWave intends to ask the Court to add the patent issuing from the '175 application to the consolidated action.  Please let us know if Intel will oppose AmberWave's motion to amend.

     Very truly yours,

     /s/ Jason G. Sheasby

     Jason G. Sheasby

Enclosure

1531824.

# EXHIBIT D

**From:** Newcombe, George M [mailto:gnewcombe@stblaw.com]
**Sent:** Tuesday, July 11, 2006 7:07 AM
**To:** Sheasby, Jason
**Cc:** Konrad, Kerry L
**Subject:** RE: AmberWave v. Intel

Jason,

Thanks for the correction.  I will respond to you shortly.

George

----------------------------------------

George M. Newcombe
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, California  94304

Tel:  (650) 251-5050
Cell: (650) 888-9297
Fax: (650) 251-5002
gnewcombe@stblaw.com

----------------------------------------


**From:** Sheasby, Jason [mailto:JSheasby@irell.com]
**Sent:** Monday, July 10, 2006 2:44 PM
**To:** Sheasby, Jason; Newcombe, George M
**Cc:** Konrad, Kerry L
**Subject:** RE: AmberWave v. Intel

George:

The date on my letter was June 26.  This is, of course, in error.  My apologies.

JS

Jason Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
P: 310 203 7096
F: 310 203 7199

----------------------------------------

**From:**  Sheasby, Jason
**Sent:**  Saturday, July 08, 2006 2:24 PM

**To:**    ~Newcombe, George
**Cc:**    'Konrad, Kerry L'
**Subject:**    AmberWave v. Intel

<< File: 1531824_1.PDF >>  << File: Claims1.PDF >>

Jason Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
P: 310 203 7096
F: 310 203 7199

ccmailg.irell.com made the following annotations
---------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you. --------------------
---------------------------------------------------

# EXHIBIT E

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BLAKELY SOKOLOFF TAYLOR & ZAFMAN

12400 WILSHIRE BOULEVARD

SEVENTH FLOOR

LOS ANGELES, CA  90025-1030

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,153*.

PATENT NO. *7074655*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,153 | Patent Under Reexamination 7074655 | |
|---|---|---|---|
| | Examiner Erik Kielin | Art Unit 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>04 August 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)).  **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____, or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Erik  Kielin
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)                    Office Action in *Ex Parte* Reexamination                    Part of Paper No. 20061006

Application/Control Number: 90/008,153                    Page 13

Art Unit: 3992

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. US 7,074,655 B2 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

**All** correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

By **U.S. Postal Service Mail** to:

      Mail Stop *Ex Parte* Reexam
      ATTN: Central Reexamination Unit
      Commissioner for Patents
      P.O. Box 1450
      Alexandria, VA  22313-1450

By FAX to:   (571) 273-9900
              Central Reexamination Unit

By hand to: Customer Service Window
              Randolph Building
              401 Dulany St.
              Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

Erik Kielin
Primary Examiner
Central Reexam Unit 3992
(571) 272-1693

# EXHIBIT F

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7143
agiza@irell.com

September 26, 2006

**VIA E-MAIL AND U.S. MAIL**

Patrick E. King, Esq.
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, California 94304

Re:    Intel Corp. v. AmberWave Systems Corp., CA 06-429-KAJ

Dear Patrick:

In response to your September 21, 2006 letter to my colleague Jason Sheasby, AmberWave's primary concern with using the Protective Order from *AmberWave Systems Corp. v. Intel Corp.*, CA 05-301-KAJ (consolidated) is that the Protective Order in that case resulted from a negotiation that included a stipulation that the parties would not request reexamination of the patents in suit or patents that could be added to the case. Intel has already requested a reexamination of United States Patent No. 7,074,655 ("the '655 patent"), the patent in suit in the 06-429 case. But since the PTO has not yet granted the reexamination, the issue is premature and may not become an issue. With the express reservation of possibly seeking modification of the Protective Order in the event that the PTO grants reexamination of the '655 patent, AmberWave agrees to use the Protective Order from the 05-301 case in the 06-429 case.

Sincerely,

Alexander C.D. Giza

1571850

EXHIBIT G

**Donovan, Mary Ellen**

| | |
|---|---|
| **From:** | Giza, Alexander |
| **Sent:** | Monday, October 16, 2006 8:18 PM |
| **To:** | #Amberwave/Intel [Int]; ~Blumenfeld, Jack; ~Jacobs Louden, Karen; 'Seitz, Beverly' |
| **Subject:** | FW: ASC/Intel - Meet and confer re motion for leave to amend |

**Attachments:**    11103681 allowed claims.pdf

-----Original Message-----
| | |
|---|---|
| **From:** | Giza, Alexander |
| **Sent:** | Monday, October 16, 2006 8:15 PM |
| **To:** | 'Konrad, Kerry L'; ~King, Patrick |
| **Subject:** | ASC/Intel |

Dear Kerry and Patrick:

AmberWave is planning to move for leave to amend and supplement its complaint in the
Delaware Consolidated Action (05-301) to add the newly issued patent resulting from the
'371 continuation (App. No. 11/103,681).  The allowed claims are attached.  Will Intel
oppose this motion?

Please respond before 8:30 a.m. ET tomorrow (October 17).  While we ordinarily would not
impose such a tight deadline, we are acting in light of Intel's previous conduct of filing
a separate declaratory judgment action on a patent while we were attempting to meet and
confer on a motion to add it to the Consolidated Action.



11103681 allowed
claims.pdf (2...

Sincerely,
Alex

Alexander C.D. Giza
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310-203-7143
Facsimile:  310-203-7199